# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

———————

No. 96-2483EA

———————

United States of America,          *
                                   *
          Appellee,                *
                                   *
     v.                            *   On Appeal from the United
                                   *   States District Court
                                   *   for the Eastern District
Michael Bruce Armstead, also       *   of Arkansas.
known as Michael B. Pfarr,         *
also known as Michael B. Pharr,    *
                                   *
          Appellant.               *

———————

Submitted: February 11, 1997

Filed: April 23, 1997

———————

Before RICHARD S. ARNOLD, Chief Judge, HANSEN, Circuit Judge, and BATTEY,[*]
     Chief District Judge.

———————

RICHARD S. ARNOLD, Chief Judge.

   A jury convicted Michael Armstead of conspiracy to possess with the intent to distribute cocaine base, 21 U.S.C. § 846, and possession with intent to distribute and aiding and abetting the distribution of cocaine base, 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1).

———————

   [*]The Hon. Richard H. Battey, Chief Judge, United States District Court for the District of South Dakota, sitting by designation.

The District Court[1] sentenced Armstead to 151 months in prison on each count, to be served concurrently. Before trial, Armstead moved to suppress the principal evidence against him, approximately 650 grams of cocaine base, on the ground that no probable cause to search the hotel room in which it was found existed. The District Court, acting on the recommendation of a magistrate judge,[2] denied the motion. Armstead took this appeal, challenging only the denial of the suppression motion. We affirm.

An agent with the Drug Enforcement Administration (DEA), who had been tipped by a reservation agent for an airline, alerted the Little Rock Police that Michael Armstead had paid cash the day before for a one-way ticket on the overnight flight from Los Angeles to Little Rock, via Dallas. Because the information the DEA provided fit its drug-courier profile, the Little Rock Police dispatched two agents to the airport to greet Armstead upon arrival and ask him questions. One officer approached Armstead and asked for identification or his airline ticket, which the officer looked at to confirm that it was in Armstead's name. Armstead then told the officer that he was "kind of" travelling alone, and shortly thereafter stated that he <u>was</u> travelling alone. A woman (who DEA had reported had purchased a ticket and travelled with Armstead) indicated to the other officer that she was travelling with Armstead. Armstead refused the officer's request to search his bag and soon thereafter advised the woman that she could likewise refuse. Although he told the officers he was visiting his family, Armstead departed by taxi, which the police learned took him to a nearby motel.

---

[1] The Hon. Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

[2] The Hon. Henry L. Jones, Jr., United States Magistrate Judge for the Eastern District of Arkansas.

The police subsequently determined that no one with the name Michael Armstead was registered as a guest of the motel, but later observed him leave the motel. An officer questioned Armstead again, who responded first that he had not been in the motel and then that he had gone into an unoccupied and unlocked room to take a nap. Armstead consented to a search of his bag and presented an identification card bearing the name Michael Pharr (Pharr is now explained by Armstead to be his mother's new surname upon her remarriage). Telephone records for the room which Armstead had visited indicated that calls had been placed to the same telephone numbers as those listed for verification on his travelling companion's airline ticket, despite Armstead's earlier contention that he was travelling alone.

An officer submitted an affidavit that included facts substantially similar to those above in support of a warrant to search Armstead's motel room. A state judge issued the warrant, and the subsequent search revealed approximately 650 grams of cocaine base and several thousand dollars in cash. A search of Armstead revealed more currency, a key to the searched room, and rubber bands that matched those used to wrap the currency found in the room.

Armstead contends on appeal that the District Court should have granted his suppression motion because the warrant was issued without probable cause. We think Armstead's inconsistent answers to the officers' questions and his curious explanation for his presence in the motel, when combined with the travel information,[3]

---

[3]Armstead contends that the airline agent's tip was made anonymously and is therefore so unreliable as to preclude its use toward obtaining a search warrant. See Alabama v. White, 496 U.S. 325, 332 (1990). We disagree. The exact identity of the airline's agent is unimportant: it is enough that she or he worked for the airline, a fact that Armstead does not challenge, and would therefore have accurate information. Moreover, the information provided did not predict criminal activity; rather, it recounted only facts about Armstead's ticket purchase. Finally, a lower degree of reliability does not foreclose the use of information, but instead only makes necessary a greater amount of other reliable information to establish probable cause. Id. at 330.

support a finding of probable cause to search the room.  A reasonable issuing judge could determine that there was a fair probability that evidence of a crime would be found in Armstead's motel room, and that probable cause to issue a warrant therefore existed.  E.g., United States v. LaMorie, 100 F.3d 547, 552 (8th Cir. 1996).  Moreover, even if probable cause to issue the warrant did not exist, the searching officers' reasonable reliance on the judge's neutral and detached determination that probable cause existed counters any argument for exclusion of the seized evidence.  See United States v. Leon, 468 U.S. 897, 914-17 (1984).  The motion to suppress the evidence was correctly denied, and the convictions therefore are

Affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.